DocuSign Envelope ID: 0DFCFA6EFC0E4A7F-8240-B504384AFF09

# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff Paulino Galvez "Plaintiff") and defendants Reggiano Corp. and Luigi Corea (collectively "Defendants" and together with Plaintiff, "Parties").

**WHEREAS**, on July 30, 2021, Plaintiff filed a Complaint in the United States District Court, Southern of New York, Case No 21-cv-6483 under the Fair Labor Standards Act, the New and the New York Labor Law, and the wage order of the New York Commissioner of Labor; and

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on November 3, 2021, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to what extent, Defendants have any liability to the Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS,** the Parties have determined it to be in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS,** the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Clela A. Errington, Esq., CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Jason Mizrahi, Esq., Levin Epstein, P.C., 60 East 42nd Street, Suite 4700, New York, New York 10165, telephone number (212) 792-0046 ("Defendants' Attorneys"); and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between Plaintiff's Attorneys and Defendants' Attorneys, both of whom are experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

1.    **Consideration.**    In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Twenty Thousand Dollars and Zero cents ($20,000.00) (the "Settlement Amount") as follows:

    a.    The Settlement Amount will be paid as six (6) equal payments, the first to be paid thirty (30) days after the Court's approval of the Agreement and then monthly thereafter until the Settlement Amount is paid, each payment to consist of the following:

        i.    One check in the amount of Two Thousand Two Hundred Twenty-Two Dollars and Twenty-Two Cents ($2,222.22), made out to Paulino Galvez; and

        ii.    One check in the amount of One Thousand One Hundred Eleven Dollars and Eleven Cents ($1,111.11), made out to CSM Legal, P.C.

    b.    The payments set forth in Paragraph 1.a. of the Agreement shall be sent to: CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq.

    c.    Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement.  Plaintiff or his authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, Jason Mizrahi, Esq., at. 60 East 42nd Street, Suite 4700, New York, New York 10165, jason@levinepstein.com.  Such default may be cured by Defendants making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.  Said notice of default shall be deemed received five days after it is mailed.

    d.    Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledge and agree that unless they enter into this Agreement, they are not otherwise entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1,  he has been paid and/or has received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been, entitled.

    e.    The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or

concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

f.      Plaintiff represents that he is not aware of any existing lien against his recovery in this action.  Plaintiff agrees to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

g.      Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility.  Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services, Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h.      Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued to CSM Legal, P.C. and Paulino Galvez each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i.      If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that he shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due.  Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.


2.      **Limited Release of Claims.**  In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents,

assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) Reggiano Corp. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (iii) Luigi Correa in his individual and corporate capacity, and his heirs, executors, administrators, attorneys, successors and assigns; (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right they have or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

3.      **Discontinuance of Claims.**  Plaintiff acknowledges and agrees that, other than the Action, they are not presently aware of any legal proceedings pending between Plaintiff and/or hid representatives and Defendants or the Releasees.  It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants in the Action, and that the Action be dismissed with prejudice.  Plaintiff agree to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation shall be filed by Plaintiff' Attorney.  Plaintiff agree to refrain from re-filing any and all claims against Defendants and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

4.      **Agreement Not to File Suit or Arbitration for Past Acts.**  Plaintiff, for and on behalf of himself and each of his beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise

submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permits any person, group of persons, or organization to take such action his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on his behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiff understand that the provisions of this Paragraph mean that they cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

     **5.**     **Attorneys' Fees in Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiff, including reasonable attorneys' fees.

     **6.**     **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

     **7.**     **Miscellaneous Acknowledgments and Affirmations.**

        a.     Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

        b.     Plaintiff affirm that he has been granted any leave to which they were entitled and have not been retaliated against for exercising any rights to leave.

     **8.**     **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided either via certified mail – return receipt requested or via overnight courier with electronic confirmation of delivery, plus a courtesy email, to the following:

        a.     If to Defendants:

Jason Mizrahi, Esq.
Levin-Epstein, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
jason@levinepstein.com

b.      If to Plaintiff:
        Clela A. Errington, Esq.
        CSM Legal, P.C...
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        clela@csmlegal.com

**9.      Choice of Law and Forum.**  This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**10.      Entire Agreement.**  The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto.  There is no other agreement except as stated herein.  Plaintiff acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

**11.      Modification.**  This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

**12.      General Provisions.**  The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof.  This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**13.      Section Headings.**  Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**14.      Legal Counsel.**  Plaintiff are hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release.  Plaintiff hereby acknowledges that they were fully and fairly represented by CSM Legal, P.C., in connection with the review, negotiation and signing of this Agreement.

**15.      Competence to Waive Claims.**  At the time of considering or executing this Agreement, Paulino Galvez was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Releasees.  Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims they may have against the Releasees.

**16.    Execution.**  The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS HAD THIS AGREEMENT TRANSLATED INTO HIS NATIVE LANGUAGE OF SPANISH, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

[SIGNATURE PAGE TO FOLLOW]

**PLAINTIFF**

PAULINO GALVEZ

Dated:
04 | 05 | 22

**DEFENDANTS**

**LUIGI COREA**

Individually and on behalf of **REGGIANO CORP.**

Dated:    3/28/2022